IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI DADE COUNTY, FLORIDA

DIVISION: CRIMINAL

PLAINTIFF(S) NAMES

    Sobers Brooks

        v

DEFENDANT(S) NAMES

Renita Henry, Esq.,   Emily Phillips,
Judge Scott Bernstein, Judge Deborah Nabat Frankel

-----------------------------------------------------------------

CASE NO.:
19-cv-25051-Gayles/Otazo-Reyes

FILED BY _____ D.C.

DEC 09 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## **COMPLAINT**

Come now Sobers Brooks, Plaintiff, and brings this action for damages against the Defendants Renita Henry, Emily Phillips, Judge Deborah Nabat Frankel and Judge Scott Bernstein and in support hereof would respectfully show unto the Court the following facts and matters, to-wit:

1. Plaintiff is a resident of the State of Delaware, whose address is 2 Warwick Lane, New Castle, DE 19720.

2. Defendant, Renita Henry (FL Bar# 88653), is an adult resident of the State of Florida. Said defendant may be found for the service of process at her law office located at 500 East Broward Blvd., Suite 1710, Fort Lauderdale, FL 33394, which is located in Broward County, Florida.  Further, the cause of action which is the subject of this suit occurred and accrued in Miami Dade County, Florida.

3. Defendant, Emily Phillips (FL Bar# 597961), is an adult resident of the State of Florida. Said defendant may be found for the service of process at her law office located at 2 Biscayne Blvd., Suite 2300, Miami, FL 33131.  Further, the cause of action which is the subject of this suit occurred and accrued in Miami Dade County, Florida.

4. Defendant, General Magistrate Deborah Nabat Frankel, is an adult resident of the State of Florida. Said defendant may be found for the service of process at Lawson E. Courthouse, Room CHC 1626, Circuit Family Matters Division, 175 NW 1st Avenue, Miami, FL 33128.

5. Defendant, Judge Scott Bernstein, is an adult resident of the State of Florida. Said defendant may be found for the service of process at Lawson E. Courthouse, Room CHC 2815, Circuit Family Division, 175 NW 1st Avenue, Miami, FL 33128.

## CAUSE OF ACTION

COUNT I – Fraud and Negligence
(against Defendant attorney Renita Henry)

6. In April 2018, Defendant undertook to provide legal services for Plaintiff in connection with FLOYD v. BROOKS, hereinafter "Legal Matter". At all times Defendant held herself out as competent in the area of law dealing with the legal matter for which Plaintiff retained the services of Defendant. Plaintiff and Defendant acted under an attorney/client relationship in which Defendant undertook to represent Plaintiff.

7. Defendant was required to exercise the same legal skill as a reasonably competent attorney and to use reasonable care in determining and implementing a strategy to be followed to achieve the Plaintiff's legal goals. Defendant had a duty to use such skill, prudence, and diligence as members of the legal profession commonly possess and exercise, in providing legal services to Plaintiff herein.

8. In the course of handling the legal matter for the Plaintiff, Defendant negligently failed to act with the degree of competence generally possessed by Attorneys in the State of Florida who handle legal matters similar to the Plaintiff's. Plaintiff paid Defendant an amount of money as agreed upon for the sole purpose of representing Plaintiff in said legal matter.

9. Defendant failed to explain to the Plaintiff that a breach was committed while generating

the CSI. Mandatory Retirement payments, State and City taxes were removed from the CSI as salary deductions and ultimately included as income. Per Florida Statue 61.30, par 2(a)(d), the referenced items should be calculated as deductions and not income.

10. On December 17, 2018, in an email to opposing counsel, Emily Phillips, the defendant stated "I can attach a draft of my guidelines that are still not completely accurate because I have to add in the tax my client pays for local taxes in Delaware". Thus, acknowledging the act of fraud through the breach of Florida Statue 61.30, par 2(a) (d). Defendant refused to correct and chose to withdraw on January 8, 2019 from providing further representation to Plaintiff. Defendant further stated that a decision was already made regarding the outcome of my case and there would be no discussion on my part. According to the Code of Judicial Conduct, a judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law and as such the latter statement would violate that.

11. On December 21, 2018, an email to opposing counsel, Emily Phillips, defendant stated "Mr. Brooks has indicated that he does not agree to the temporary $850 number that we came to as a compromise to resolve the hearing. He will not execute the stipulation. There are now irreconcilable differences between my client and I and I will be withdrawing from the case immediately. I apologize for any inconvenience and will cooperate to assist in helping you get an immediate reset date until my Order on withdrawal is signed." The defendant misrepresented a material fact in order to obtain action or forbearance by the plaintiff.

12. Defendant intentionally deceived the court, as, through manufacturing of false document and passing it off as genuine. As such, this represents an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by

improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

COUNT II – Fraud
(against Defendant attorney Emily Phillips)

13. Defendant acts constituted conduct below the standards of the legal profession and individually and/or collectively perpetrated a "scheme to defraud" the plaintiff.

14. On December 17, 2018, defendant was informed by Ms. Renita Henry through an email that stated, "I can attach a draft of my guidelines that are still not completely accurate because I have to add in the tax my client pays for local taxes in Delaware". Defendant failed to respond and as such collaborated to commit fraud.

15. Defendant was informed by Plaintiff at the final hearing regarding the omitted items from the CSI which is a breach of Florida Statue 61.30, par 2(a) (d) and refused to effect corrections.

COUNT III – Fraud
(against Defendant General Magistrate Judge Nabat-Frankel)

16. On December 28, 2018 at the temporary child support hearing, defendant knowingly tarnished the judiciary machinery by creating a fraudulent documents (CSI) and enforced a ruling based upon said act. Defendant act provided a breach of Florida Statue 61.30, par 2(a) (d).

17. Defendant generated an IWO (Income Withholding Order) through the perpetration of bias and unjust acts, even while being reminded by the plaintiff. Defendant acts constituted conducts below the standards of the legal profession and individually and/or collectively perpetrated a "scheme to defraud" the plaintiff.

18. Defendant was informed by Plaintiff at the temporary Child Support Hearing regarding the fraudulent act. Defendant refused to correct said document, while stating that this was just

temporary and that the corrections would be made at the Final hearing by Judge Scott Bernstein. Defendant made calculations for arrears based upon said fraudulent documents.

19. Defendant intentionally deceived the court, through manufacturing of false document and passing it off as genuine and her action was taken with "deliberate indifference."

20. Defendant being a judge who received information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation, should make report of said violation as per the Code of Conduct for United State Judges, Canon 3. Plaintiff informed the Defendant regarding fraud in the "Legal Matter" and no action was taken.

COUNT IV – Fraud
(against Defendant Honorable Judge Scott M. Bernstein)

21. Defendant was informed by Plaintiff regarding the omitted items from the CSI and also about that which was said at the temporary hearing by Judge Deborah Nabat Frankel. Defendant seemed quite oblivious to what was said by Judge Deborah Nabat Frankel.

22. Defendant refused to request that the necessary changes be made prior to effecting a judgement upon the case. Defendant advised the Plaintiff that he should file for a re-hearing.

23. Defendant acts constituted conducts below the standards of the legal profession and individually and/or collectively caused fraud and his action was taken with "deliberate indifference."

23. Defendant being a judge who received information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation, should make report of said violation as per the Code of Conduct for United State Judges, Canon 3. Plaintiff informed the Defendant regarding fraud in the "Legal Matter" and no action was taken.

Plaintiff is informed and believes, and thereon allege, that the Defendants are responsible for their acts and omissions which damaged Plaintiff, and that Plaintiff's damages as alleged herein

were proximately caused by the actions and omissions. Judicial misconduct occurs when a judge acts in ways that are considered unethical or otherwise violate the judge's obligations of impartial conduct. Actions that can be classified as judicial misconduct include, conduct prejudicial to the effective and expeditious administration of the business of the courts (an example would be "falsification of facts" at summary judgement).

Trial courts possess authority under Rule 1.540(b) to hear evidence when allegation of fraud is raised. To be entitled to an evidentiary hearing, a motion must plead fraud with particularity and a basis for relief showing why the proceedings should be set aside. Defendants created, executed, and filed fraudulent documents in the court which purports to defraud the Plaintiff. A denial of a Rule 1.540(b) motion without an evidentiary hearing would be automatically an abuse of discretion as a matter of law. See Schleger v Stebelskv, 957 So. 2d 71 (Fla. 4" DCA 2007); Stella v. Stella, 418 So. 2d 1029 (Fla. 4" DCA 1982); Robinson v.Weiland, 936 So. 2d 777 (Fla. 5* DCA 2006).

WHEREFORE, PREMISES CONSIDERED, This Court having jurisdiction of this matter under the provision of Code of Judicial Conduct (Canon 3), FLA. R. Civ. P. 1.540(b) and Florida Statue 112, Part III, grants a Relief from Judgement and /or Order with civil money penalty for compensatory damages, together with pre-judgment and post-judgment interests and all cost accrued herein. For such other and further relief as to court seems just in premises. The act of fraud makes the defendants legally obligated to redress the injury and/or loss caused to the plaintiff by the violation.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERETIFIED that a true and correct copy of this document has been mailed to defendants Renita Henry, Emily Phillips, Nabat Frankel and Scott Bernstein plaintiff at the addresses included in this motion on December 9, 2019.

Respectfully submitted,

_____
Plaintiff

Sobers Brooks
2 Warwick Lane,
New Castle, DE 19720
T. (954) 560-1499