# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25051-GAYLES

**SOBERS BROOKS,**

    **Plaintiff,**

**v.**

**RENITA HENRY, ESQUIRE,** *et al.***,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Judge Scott Bernstein and Judge Deborah Nabat Frankel's Motion to Dismiss Complaint [ECF No. 7], Emily Phillips' Motion to Dismiss Complaint [ECF No. 8], and Renita Henry's Motion to Dismiss or to Stay Duplicative Litigation or Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction or Failure to State a Claim Upon Which Relief Can Be Granted [ECF No. 11] (the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions shall be granted.

## BACKGROUND[1]

In his Complaint, Plaintiff alleges that he was the respondent in a child support proceeding in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Proceeding"). Defendant Renita Henry ("Attorney Henry") represented Plaintiff and Defendant Emily Phillips ("Attorney Phillips") represented the petitioner in the State Court Proceeding. Defendant Magistrate Judge Deborah Nabat Frankel ("Judge Nabat Frankel") and Defendant Judge

---

[1] Because the Court is proceeding on a motion to dismiss, it takes Plaintiff's allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Scott Bernstein ("Judge Bernstein") presided over the State Court Proceeding. Plaintiff claims that Defendants perpetrated a fraudulent scheme against him by producing and approving a child support index ("CSI") that he claims is inaccurate.

On December 9, 2019, Plaintiff, appearing pro se, filed his Complaint in this Court alleging alleging fraud and negligence against Attorney Henry (Count I) and fraud against Attorney Phillips (Count II), Judge Nabat Frankel (Count III), and Judge Bernstein (Count IV). [ECF No. 1]. All Defendants have moved to dismiss [ECF Nos. 7, 8, & 11].

## LEGAL STANDARD

The Court is obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); *accord* Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

## ANALYSIS

Based on the limited allegations in the Complaint, the Court is unable to ascertain whether it has subject matter jurisdiction over this action.[2] Plaintiff does not allege any basis

---

[2] Because the Court is dismissing Plaintiff's claims for lack of subject matter jurisdiction, it does not address Defendants' arguments regarding failure to state a claim, judicial immunity, statutory immunity, lack of pre-suit notice, the *Rooker-Feldman* doctrine, Younger abstention, qualified immunity, or sovereign immunity.

for jurisdiction under a specific statutory grant. In addition, Plaintiff raises only common law claims for fraud and negligence; therefore there is no federal question jurisdiction. Finally, Plaintiff does not adequately allege diversity jurisdiction. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). Plaintiff alleges that he is a resident of Delaware and that Defendants are residents of Florida. However, to establish the citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Considering these standards, Plaintiff's allegation regarding the parties' residences are insufficient to establish diversity jurisdiction. In addition, the Complaint is devoid of any allegations regarding the amount in controversy. Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction.[3]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Judge Scott Bernstein and Judge Deborah Nabat Frankel's Motion to Dismiss Complaint [ECF No. 7], Emily Phillips' Motion to Dismiss Complaint [ECF No. 8], and Renita Henry's Motion to Dismiss Plaintiff's Complaint [ECF No. 11] are **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[3] The Court notes that in the caption, Plaintiff lists the Court as the "Circuit Court of the 11th Judicial Circuit, in and for Miami Dade County, Florida" and the Division as "Criminal." Plaintiff, however, filed the action in this Court.

3. This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of April, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE