UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-25051-GAYLES

**SOBERS BROOKS**,

    Plaintiff,

v.

**RENITA HENRY, ESQUIRE,** *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Judge Scott Bernstein and General Magistrate Judge Nabat Frankel's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 24], Defendant Henry's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 25], and Defendant Emily Phillips' Motion to Dismiss Complaint [ECF No. 26]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions shall be granted.

## BACKGROUND[1]

In his Amended Complaint, Plaintiff alleges that he is the victim of a fraud committed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") during a child support proceeding (the "State Court Proceeding") in which he was the Respondent. Defendants Judge Scott Bernstein ("Judge Bernstein") and General Magistrate Judge Deborah Nabat Frankel ("Judge Frankel") presided over the State Court Proceeding, and Defendant Emily Phillips ("Phillips") represented the Petitioner. Plaintiff contends that his attorney in the State

---

[1] Because the Court is proceeding on a motion to dismiss, it takes Plaintiff's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Court Proceeding, Defendant Renita Henry ("Henry"), improperly calculated the requisite Child Support Index ("CSI") by including certain deductions as income. Plaintiff notified Judge Bernstein, Judge Frankel, and Phillips of the purported errors in the CSI, but it was not recalculated. Plaintiff contends that Defendants collectively committed a fraud on the State Court and somehow violated Plaintiff's rights under the Fifth and Fourteenth Amendments. The Amended Complaint is unclear as to the actual relief Plaintiff requests.

On December 9, 2019, Plaintiff, appearing *pro se*, filed this action. [ECF No. 1]. The Court dismissed Plaintiff's Complaint for failure to adequately allege subject matter jurisdiction. [ECF No. 21]. Plaintiff then filed his Amended Complaint. [ECF No. 22]. Each Defendant has now moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. [ECF Nos. 24, 25, & 26].

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

Furthermore, the Court is obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking.

*Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Dutta-Roy v. Fain*, No. 14-CIV-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); *accord* Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

## ANALYSIS

**I.      The Amended Complaint Fails to Comply with the Federal Rules of Civil Procedure**

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is

> to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

Here, Plaintiff fails to set forth a short and plain statement of the grounds for this Court's jurisdiction. Indeed, Plaintiff fails to allege the citizenship of the parties or any amount in controversy as is required to allege diversity jurisdiction. And while Plaintiff broadly references the Fifth and Fourteenth Amendments, Plaintiff fails to allege how Defendants' actions impinged on his constitutional rights such that this Court would have federal question jurisdiction. As a result, the Court is unable to ascertain whether it has jurisdiction over Plaintiff's claims. In addition, Plaintiff fails to make a demand for the relief sought. Accordingly, the Amended Complaint must be dismissed without prejudice.

## II.     The *Rooker-Feldman* Doctrine Bars This Court's Review of Plaintiff's Claims.

In addition, the Court finds that the *Rooker–Feldman* doctrine bars the Court's exercise of jurisdiction over this action. "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments . . . precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id.* at 291. The doctrine bars federal claims raised in the state court and claims "inextricably

intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)) (internal quotation marks omitted); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

Here, Plaintiff appears to ask this Court to find that the State Court wrongly decided the issues. Indeed, any ruling from this Court regarding the calculation of the CSI would be inextricably intertwined with the State Court's judgment. As a result, the *Rooker-Feldman* bars this Court's review of Plaintiff's claims.[2]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Judge Scott Bernstein and Judge Deborah Nabat Frankel's Motion to Dismiss Complaint, [ECF No. 24], Renita Henry's Motion to Dismiss Plaintiff's Complaint, [ECF No. 25], and Emily Phillips' Motion to Dismiss Complaint, [ECF No. 26], are **GRANTED**.

2. Plaintiff's Amended Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

2  Because the Court finds that Plaintiff's claims are subject to dismissal for failure to comply with the Federal Rules of Civil Procedure and under the *Rooker-Feldman* doctrine, it does not address Defendants' remaining arguments.

3. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE